IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES M. TAYLOR, *Plaintiff*, | § § § | CIVIL ACTION |
| | § | NO. 6:10cv615 |
| v. | § § | JURY DEMANDED |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, *Defendant.* | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

## I.   THE PARTIES

1. Plaintiff James M. Taylor is a United States citizen and maintains an address at P.O. Box 110791, Carrollton, Texas 75011-0791.

2. On information and belief, Defendant International Business Machines Corporation ("IBM") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at New Orchard Road, Armonk, NY, 10504. IBM may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, TX 75201.

## II.   JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

2. On information and belief, personal jurisdiction exists generally over the Defendant because it has sufficient minimum contact with the forum as a result of

business conducted within the State of Texas and within the Eastern District of Texas. On information and belief, personal jurisdiction also exists specifically over the Defendant because IBM, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises and/or markets products that infringe the patent-in-suit, within the State of Texas and within the Eastern District of Texas.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

4. Plaintiff is the owner as assignee of all rights, title, and interest in and under United States Patent No. 5,469,572 ("the '572 Patent"), which duly and legally issued on November 21, 1995, with James M. Taylor, Plaintiff, as the named inventor, for an invention entitled "Post compile optimizer for linkable object code". The '572 patent was the subject of a reexamination proceeding filed by Klarquist Sparkman, LLP and its validity was reaffirmed by the USPTO. A copy of the '572 Patent is attached hereto as <u>Exhibit A</u>.

5. On information and belief, Defendant has been and is now directly infringing; inducing others to infringe; and/or committing acts of contributory infringement, one or more claims of the '572 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products and practices that fall within the scope of one or more claims of the '572 Patent, including but not limited to the Defendant's use and sale of its FDPR, FDPR-Pro, and Post-Link Optimization for Linux on POWER products. These products perform post compile optimizations upon object code.

6. On information and belief, Defendant IBM was on notice of the '572 patent and of its infringing conduct at least as early as May of 2004, if not earlier, and has knowingly and willfully infringed the '572 patent since the time it received such notice.

7. As a result of Defendant's infringing conduct, it has damaged Plaintiff. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which by law in no event can be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

8. As a consequence of each Defendant's infringement, Plaintiff has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court.

## IV.   PRAYER FOR RELIEF

Wherefore Plaintiff requests a judgment:

A. That the '572 Patent is valid and enforceable in law;

B. That Defendant has infringed the '572 patent, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '572 patent;

C. Awarding a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '572 Patent;

D. Awarding Plaintiff damages, costs, expenses, and prejudgment and post-judgment interest in an amount adequate to compensate Plaintiff for defendant's infringement of the '572 Patent, in accordance with 35 U.S.C. § 284;

E. Awarding Plaintiff enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made as of the date of correspondence with Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

F. That this is an exceptional case and awarding Plaintiff its costs, expenses and reasonable attorneys' fees, if so incurred, pursuant to 35 U.S.C. § 285;

G. Awarding such other relief as the Court deems just and proper.

### V. JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

DATED: November 19th, 2010            Respectfully submitted,

*[signature: James M. Taylor]*

PLAINTIFF

James M. Taylor, Pro Se
JamesTaylor572@Gmail.com
PO Box 110791
Carrollton Texas 75011-0791
Telephone:(972)904 5319
Fax:(972)239 0229