# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JAMES M. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:10-cv-615-LED |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff James M. Taylor ("Taylor") files this amended complaint for patent infringement against Defendant International Business Machines Corporation ("IBM").

### THE PARTIES

1.  Taylor is a citizen of the State of Texas residing in Carrollton, Texas.

2.  Upon information and belief, IBM is a corporation organized and existing under the laws of the State of New York, having its principal place of business at New Orchard Road, Armonk, NY, 10504.  IBM may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, TX 75201.

### JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. IBM is subject to the personal jurisdiction of this Court because, upon information and belief, it (1) has designated an agent for service of process in the State of Texas; and/or (2) has committed acts of infringement in the State of Texas as alleged below; and/or (3) is engaged in continuous and systematic activities in the State of Texas. Therefore, this Court has personal jurisdiction over IBM under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), and (c) and 1400(b). On information and belief, IBM has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

7. On November 21, 1995, the United States Patent and Trademark Office issued U.S. Patent No. 5,469,572 (the "'572 Patent") entitled "Post Compile Optimizer for Linkable Object Code" to Taylor as the inventor.

8. On February 9, 2009, the United States Patent and Trademark Office issued a reexamination certificate confirming the patentability of all 26 claims in the `572 Patent.

9. Taylor is the owner of all rights, title, and interest in the `572 Patent, including the right to sue for and recover all past, present and future damages for infringement of the `572 Patent.

## COUNT 1 – INFRINGEMENT OF THE `572 PATENT

10. Upon information and belief, IBM has directly infringed one or more claims of the `572 Patent in violation of 35 U.S.C. § 271 by making, using, selling and offering to sell in

the United States, without authority, products and methods that embody the inventions claimed in the `572 Patent.

11. IBM has developed a software tool known as Feedback Directed Program Restructuring ("FDPR"). FDPR is a feedback-based post-link optimization tool. It optimizes the executable image of a software program by collecting information on the behavior of the program while the program is used for some typical workload, and then creating a new version of the program that is optimized for that workload. The new program generated by FDPR typically runs faster and uses less real memory. In 2003, IBM released a new version of FDPR called "FDPR Pro." IBM has implemented various versions of FDPR and FDPR Pro, including versions know as FDPR/Linux or Linux FDPR Pro (formerly known as Post-Link Optimization for Linux on POWER), FDPR/AIX, FDPR for Embedded Power, FDPR z/OS, Hybrid FDPR Pro and FDPR/CBE. All versions of FDPR implemented by IBM are referred to herein as "FDPR."

12. Upon information and belief, IBM has directly infringed one or more claims of the `572 Patent in violation of 35 U.S.C. § 271 by using in the United States, without authority, methods and systems, including FDPR and systems incorporating FDPR, to perform optimizations upon software programs that it uses, sells and/or installs in various computer products. For example, upon information and belief, IBM has used FDPR to optimize its DB2 database software and other software sold or distributed by IBM or used by IBM in the computer systems and servers it has been using and selling.

13. Upon information and belief, IBM has directly infringed one or more claims of the `572 Patent in violation of 35 U.S.C. § 271 by making, selling, offering to sell and/or importing in the United States, without authority, systems that perform optimizations upon software programs, including systems which implement FDPR. Examples of these systems are

the IBM Power systems and servers and other systems and servers such as the IBM z Series, the "System I" and "System p" server platforms, and solution packages including such systems or servers, such as the IBM Smart Analytics System 7700 solution.

14.   Upon information and belief, IBM has directly infringed one or more claims of the `572 Patent in violation of 35 U.S.C. § 271 by making, selling, offering to sell and/or importing in the United States, without authority, products made using the optimization process claimed in the `572 patent.  These products include software optimized using FDPR, such as IBM's DB2 database software and the "IBMi" software product containing the optimized DB2 database.  These products further include IBM's computer systems and servers incorporating software made using the optimization process claimed in the `572 patent, such as IBM Power systems and servers and other systems and servers such as the IBM z Series, the "System I" and "System p" server platforms, and IBM's QS20, QS21 and QS22 BladeCenter products optimized using FDPR for use with the Cell Broadband Engine.

15.   Upon information and belief, IBM, with knowledge of the `572 Patent, has induced and contributed to the direct infringement of the `572 Patent by purchasers and/or users of the products and methods described above.  For example, IBM has made available to such purchasers or users its FDPR tool, as a standalone product or as part of a larger software program or software development kit, and has made available to such purchasers or users its systems incorporating FDPR for use by these purchasers and/or users to optimize software programs in direct infringement of the `572 patent.  IBM has provided instructions to those purchasers and/or users about how to use the FDPR tool and systems incorporating that tool to optimize software in a manner which directly infringes the `572 patent.

16. IBM has been on notice of the `572 patent and of its infringing conduct at least as early as May of 2004, if not earlier, and has knowingly and willfully infringed the `572 Patent since the time it received such notice. In particular, IBM knew or should have known that its behavior had an objectively high risk of infringing the `572 Patent.

17. As a direct and proximate consequence of the acts and practices of IBM in infringing, directly and/or indirectly, one or more claims of the `572 Patent, Taylor has suffered, is suffering, and will continue to suffer injury and damages for which he is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

18. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to Taylor's claim for relief in this case.

## DEMAND FOR JURY TRIAL

19. Taylor demands trial by jury on all claims and issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Taylor requests for entry of judgment that:

1. IBM has infringed one or more claims of the '572 Patent, and that its infringement has been willful;

2. IBM account for and pay to Taylor all damages caused by its infringement of the `572 Patent;

3. Taylor be granted pre-judgment and post-judgment interest on the damages caused to it by reason of IBM's patent infringement;

4. This an exceptional case and that Taylor be granted their reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Taylor; and

6. Taylor be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 8, 2011

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Eric. W. Buether*
Eric W. Buether   (Lead Attorney)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone:  (214) 466-1272
Facsimile:   (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
JAMES M. TAYLOR**