IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| JAMES M. TAYLOR, <br><br> *Plaintiff*, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> *Defendants*. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 6:10-CV-615-LED <br><br> JURY TRIAL DEMANDED |

**INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, hereby answers the numbered paragraphs of Plaintiff's First Amended Complaint ("Amended Complaint") as follows:

**THE PARTIES**

1. IBM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies those allegations on that basis.

2. IBM admits the allegations of Paragraph 2 of the Amended Complaint.

**JURISDICTION AND VENUE**

3. IBM admits that this purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and denies the remaining allegations of Paragraph 3.

4. IBM admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over claims arising under the patent laws; and denies the remaining allegations of Paragraph 4.

5. IBM admits that this Court has personal jurisdiction over IBM because IBM conducts business in the State of Texas; admits that it has designated an agent for service of process in the State of Texas; denies that it has committed acts of infringement in the State of Texas; and denies the remaining allegations of Paragraph 5.

6. IBM admits that it transacts business in this district and that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b); and denies the remaining allegations of Paragraph 6. IBM further denies that this district is the proper forum for this action, and reserves the right to file a motion to transfer pursuant to 28 U.S.C. § 1404.

## THE PATENT-IN-SUIT

7. IBM admits that United States Patent No. 5,469,572 ("the '572 Patent") is entitled "Post Compile Optimizer For Linkable Object Code," that the '572 Patent issued on November 21, 1995, and that the '572 Patent identifies James M. Taylor as the inventor; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore denies those allegations on that basis.

8. IBM admits that the United States Patent and Trademark Office issued an ex parte reexamination certificate for the '572 Patent, and that the certificate states, among other things, that the "patentability of claims 1-26 is confirmed"; and denies the remaining allegations of Paragraph 8.

9. IBM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and therefore denies those allegations on that basis.

## COUNT I – ALLEGED INFRINGEMENT OF THE '572 PATENT

10. IBM denies the allegations of Paragraph 10.

11. IBM admits that it developed a software program generally referred to as Feedback Directed Program Restructuring ("FDPR"), that it has described FDPR on its website as "a feedback-based post-link optimization tool" that "optimizes the executable image of a program by collecting information on the behavior of the program while the program is used for some typical workload, and then creating a new version of the program that is optimized for that workload," that it has stated on its website that "[t]he new program generated by FDPR typically runs faster and uses less real memory," that it released a version of FDPR in approximately the 2003 timeframe, and that it has referred to different implementations of FDPR as FDPR-Pro, FDPR/Linux, Linux FDPR-Pro, Post-Link Optimization for Linux on POWER, FDPR/AIX, FDPR for Embedded Power, FDPR z/OS, Hybrid FDPR-Pro, and FDPR/CBE; and denies the remaining allegations of Paragraph 11.

12. IBM denies the allegations of Paragraph 12.

13. IBM denies the allegations of Paragraph 13.

14. IBM denies the allegations of Paragraph 14.

15. IBM denies the allegations of Paragraph 15.

16. IBM admits that in or about the May 2004 timeframe, it received a letter from an attorney purporting to represent James M. Taylor that referenced the '572 Patent; specifically denies that IBM is infringing the '572 Patent, that IBM has knowingly and willfully infringed the

'572 Patent, and that IBM knew or should have known that its behavior had an objectively high risk of infringing the '572 Patent; and denies the remaining allegations of paragraph 16.

17. IBM denies the allegations of Paragraph 17.

18. IBM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and therefore denies those allegations on that basis.

19. IBM denies that Plaintiff is entitled to a trial by jury except as permitted by law.

## DEFENSES

### FIRST DEFENSE

20. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

21. IBM has not directly infringed, contributorily infringed, or induced the infringement of any valid claim of the '572 Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

22. The '572 Patent is invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

23. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or acquiescence.

IBM denies each and every allegation of Plaintiff's Amended Complaint not expressly admitted or otherwise specifically responded to above.  IBM denies that it directly or indirectly

infringes any valid claim of the '572 Patent; denies that the '572 Patent is valid; and denies that it is liable to Plaintiff for any reason or in any amount and that Plaintiff is entitled to any relief whatsoever against IBM.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

In accordance with Rule 13 of the Federal Rules of Civil Procedure, and as and for its counterclaims against Plaintiff, IBM states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of the non-infringement and invalidity of U.S. Patent No. 5,469,572 ("the '572 Patent"). A true and correct copy of the '572 Patent is attached hereto as Exhibit A.

## THE PARTIES

2. Defendant and counterclaim-plaintiff IBM is a corporation organized and existing under the laws of New York having a principal place of business at 1 New Orchard Road, Armonk, New York 10504.

3. On information and belief, Plaintiff and counterclaim-defendant James M. Taylor ("Plaintiff" or "Taylor") is a citizen of the State of Texas residing in Carrollton, Texas.

## JURISDICTION AND VENUE

4. These counterclaims are brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As reflected in the Amended Complaint, Taylor has accused IBM of infringing the '572 Patent. IBM has denied such accusations, and has asserted that the '572 Patent is invalid and not infringed. Therefore, there exists an actual, immediate, and justiciable controversy between the parties within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Taylor.

6. Without waiving IBM's right to file a motion to transfer under 28 U.S.C. § 1404, this Court is the proper venue for this action under 28 U.S.C. § 1391 and because Taylor has voluntarily submitted to this Court's jurisdiction by filing the Amended Complaint in this action.

## COUNT ONE

### Declaratory Judgment of Non-Infringement

7. IBM is not infringing, contributing to the infringement of, or inducing the infringement of, and has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '572 Patent, and is entitled to a declaration to that effect.

## COUNT TWO

### Declaratory Judgment of Invalidity

8. The claims of the '572 Patent are invalid for failing to comply with the Patent Laws of the United States, including the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and IBM is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Amended Complaint and having asserted against Plaintiff counterclaims, as set forth above, IBM respectfully prays that:

A. Plaintiff take nothing by way of its Amended Complaint;

B. Plaintiff's Amended Complaint be dismissed with prejudice;

C. Judgment be entered in favor of IBM declaring that IBM has not directly, contributorily, or by inducement infringed U.S. Patent No. 5,469,572;

D.   Judgment be entered in favor of IBM declaring that the claims of U.S. Patent No. 5,469,572 are invalid;

E.   IBM be awarded its costs and expenses, including attorneys' fees, as permitted by applicable law; and

F.   IBM be awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

IBM demands a trial by jury on all issues so triable as a matter of right and law.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*Counsel for International Business Machines Corp.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 2nd day of May 2011.

/s/ Eric M. Albritton
Eric M. Albritton